```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


UNITED STATES OF AMERICA      )
                              )
         v.                   )    1:09cr169 (JCC)
                              )
COURTNEY WILLIAMS,            )
                              )
     Defendant.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Courtney Williams's ("Defendant's") Rule 58(g)(2)(B) appeal from the judgment of conviction entered after a trial in the magistrate court and his appeal of the magistrate judge's denial of motions to dismiss and to suppress.  For the reasons stated below, the Court will grant the appeal and dismiss Count I of the criminal information, vacate the judgment of conviction as to Count I, and dismiss the appeal of the suppression ruling as moot.

**I. Background**

A. Factual Background

The following facts, drawn largely from Defendant's brief, were stipulated to by the Government at the suppression hearing.  At approximately 10:45 p.m. on September 9, 2008, a military police officer ("M.P.") pulled over the vehicle driven by Defendant on Marine Corps Base, Quantico, Virginia (the

"Base"). Defendant allegedly had failed to stop at a posted stop sign and was driving 41 miles per hour in a 35 miles per hour zone. The M.P. claims that, after making contact with Defendant, he detected a "strong odor of an alcoholic beverage" coming from the breath and person of Defendant. The M.P. also alleges that Defendant became "belligerent and argumentative" and identified himself as active-duty military only partway through the interview. (Def.'s Br. 2.)

The M.P. then removed Defendant from the vehicle, placed him in handcuffs, and took him to another location. There, he removed the handcuffs and directed Defendant to perform certain "field sobriety tests," which he claims that Defendant performed "unsatisfactorily." Defendant was then presented with an "Implied Consent Advisement Form and Declaration of Refusal." He signed the "Declaration of Refusal" section of the form, which indicated that he would not provide a sample of his breath for analysis. Defendant made several other statements to the military police, was given several citations, and was then released from custody. (Def.'s Br. 2.)

B. Procedural History

On October 29, 2008, a five-count criminal information charged Defendant with unlawfully: refusing to consent to a breathalyzer test after he was arrested for operating a motor vehicle while under the influence of alcohol, in violation of 18

U.S.C. § 3118 (Count I); operating a motor vehicle on the Base, which falls within the special maritime and territorial jurisdiction of the United States, while under the influence of alcohol, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-266(ii) (Count II); operating a motor vehicle upon the Base so as to endanger the life, limb, and property of any person, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 46.2-852 (Count III); obstructing a law enforcement officer in the performance of his duties, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-460 (Count IV); and disregarding a posted stop sign, in violation of 32 C.F.R. § 634.25(f), adopting Va. Code Ann. § 46.2-830 (Count V).

    Defendant moved to suppress the field sobriety tests he took and any statements of "refusal" to take a breathalyzer test that were obtained as a result of what he claimed was an unlawful arrest.  He also moved to dismiss Count I.  After oral argument, the magistrate judge ("Magistrate") denied the motion to dismiss and the motion to suppress.

    A jury trial began on March 3, 2009.  After the trial, Defendant was pronounced guilty as to Counts I and V, and not guilty as to Counts II, III, and IV.  The Court sentenced Defendant on Counts I and V immediately after the trial, and judgment was executed on March 6, 2009.  Defendant appealed the

judgment of conviction on Count I and the denial of his motions to dismiss and suppress to this Court on March 10, 2009.

Defendant properly appealed within the ten day time-limit specified in Federal Rule of Criminal Procedure 58(g)(2)(B).  His appeal is before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 58(g)(2)(D) provides that "[t]he scope of an appeal [from a magistrate judge's order or judgment to a district judge] is the same as in an appeal to the court of appeal from a judgment entered by a district judge." "A district judge should therefore affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error."  *United States v. Lambert*, 594 F. Supp. 2d 676, 680 (W.D. Va. 2009) (citing *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597 (2007)); *see United States v. Steinert*, 470 F. Supp. 2d 627, 630 (E.D. Va. 2007).

## III. Analysis

A. <u>Motion to Dismiss Count I</u>

Defendant argues that the Magistrate should have dismissed Count I, which charged him, pursuant to 18 U.S.C. § 3118(b), with unlawfully refusing to consent to a breathalyzer test after he was arrested for driving under the influence.  He asserts that § 3118(b) is not a criminal statute and does not create a criminal offense.

4

### 1. § 3118 and *United States v. Jerge*

It will be helpful to quote § 3118 in full. The statute, which appears in the federal criminal code (Title 18), is entitled "Implied consent for certain tests":

> (a) Consent.--Whoever operates a motor vehicle in the special maritime and territorial jurisdiction of the United States consents thereby to a chemical test or tests of such person's blood, breath, or urine, if arrested for any offense arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. The test or tests shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving a motor vehicle upon the special maritime and territorial jurisdiction of the United States while under the influence of drugs or alcohol in violation of the laws of a State, territory, possession, or district.
>
> (b) Effect of Refusal.--Whoever, having consented to a test or tests by reason of subsection (a), refuses to submit to such a test or tests, after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States during the period of a year commencing on the date of arrest upon which such test or tests was refused, and such refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. Any person who operates a motor vehicle in the special maritime and territorial jurisdiction of the United States after having been denied such privilege under this subsection shall be treated for the purposes of any civil or criminal proceedings arising out of such operation as operating such vehicle without a license to do so.

18 U.S.C. § 3118. Defendant argues that the law, which does not contain phrases typical of other criminal statutes – like, for example, "is guilty of" or "shall be fined under this title or

5

imprisoned" – sets out only an administrative sanction and an evidentiary basis for admissibility, not a criminal punishment.

The Government suggests that § 3118 defines prohibited behavior and provides a clear sanction for those who violate it – namely, the denial of driving privileges for one year. It further argues that statutes do not need to include language such as "is guilty of" to establish criminal offenses. The Government cites two examples of statutes that do not include the language that Defendant suggests is indicative of criminal laws: 18 U.S.C. §§ 641 (embezzlement and theft of public money, property, or records) and 81 (arson). Both statutes, however, provide for a term of imprisonment as a potential sanction for their violation. Sections 641 and 81 clearly prohibit crimes. It is not obvious that § 3118 does so.

Both the Government and the Magistrate cite this Court's decision in *United States v. Jerge*, 738 F. Supp. 181 (E.D. Va. 1990), as having constrained them to treat § 3118 as creating a chargeable criminal offense. In *Jerge*, the Court considered the earlier codification of the consent-to-test law, which, between its enactment in 1988 and re-numbering in 1990, appeared at 18 U.S.C. § 3117. *See* Pub. L. No. 101-647, § 3574, 104 Stat. 4929 (1990); Pub. L. No. 100-690, § 6477(b)(1), 102 Stat. 4381 (1988). En route to interpreting the statutory language as requiring a person suspected of driving under the

influence "to submit to any or all of the tests listed," the Court noted that, "[a]s a *criminal statute*, [the law] should be strictly construed." 738 F. Supp. at 183 (emphasis added). The Court also noted that "[s]trict construction of a *penal statute*, however, must not prevent the court from applying the statute in a reasonable manner." *Id.* (citation omitted) (emphasis added).

The Court agrees that a plausible reading of this language in *Jerge* may suggest that the present-day § 3118 defines a crime. Indeed, that is what the court in *United States v. Love*, 141 F.R.D. 315 (D. Colo. 1992), understood the case to imply. The *Love* court disagreed with both *Jerge*'s interpretation of the statute and its perceived assumption that the law created a criminal offense. 141 F.R.D. at 319.

The Court, however, does not read *Jerge* to require the Government to charge violations of § 3118 as federal crimes. If the case did imply such a requirement, the Court finds that it did so in error. First, the language at issue in *Jerge* concerned only the standard of construction that the Court applied to the statute. The Court, erring on the side of caution in interpreting a law contained in Title 18, stated that it would strictly construe the statute. That decision was not outcome-determinative, because *Jerge* went on to hold that the plain language of the statute ruled out the defendant's suggested

construction – i.e., the rule of lenity was never called into play.

Additionally, the decision does not suggest that the question whether the statute created a criminal offense was presented to the Court.  It also does not suggest that the parties made any argument about whether the law defined a federal crime or created penalties commensurate with a criminal offense.  The parties in *Jerge* appear to have assumed that a violation of the statute was properly charged as a crime.

### 2. § 3118 Does Not Create a Criminal Offense

Assuming *arguendo* that, as the Government argues, the Court's decision to construe the law narrowly in *Jerge* because it was "a criminal statute" was not dicta, the Court agrees with Defendant that the statute does not create a federal crime.  After considering the language of § 3118 and of the other statutes that fall under the same chapter of Title 18, the Court agrees with the reasoning in the *Love* case, which found that § 3118 is an evidentiary and administrative law, not a criminal statute defining a chargeable crime.  141 F.R.D. at 319.

First, most sections in Chapter 205 of Title 18, on searches and seizures, deal with administrative and evidentiary matters rather than crimes.  They include rules for issuing search warrants and guidelines for the execution of such warrants and for the use of mobile tracking devices.  *See* 18 U.S.C.

§§ 3102-3111, 3117.  The title of § 3118, "Implied consent for certain tests," denotes the law's rule-like evidentiary focus – a focus it shares with the surrounding laws.  If § 3118 creates a crime, it is noticeably out of place in doing so.[1]

Second, the import of § 3118 is its establishment of a presumption of consent and then an evidentiary assumption should that consent be withdrawn.  It states that a driver on certain federal properties has agreed to do something as a condition of driving on federal property; if the driver later refuses to do what he consented to do, the statute sets out the penalty that will follow automatically.  Structurally, this does not look at all like a typical criminal statute defining prohibited behavior, which, at its most basic, describes a forbidden activity and its corresponding sanction.

Section 3118 also differs from most criminal statutes in the words it uses to describe the sanction: the offending driver "shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States."  18 U.S.C. § 3118(b).  The denial of a *privilege* within a limited geographical area can be distinguished

---

[1] Indeed, the only other section within the chapter that contains a penalty – an anomalous law on "Liquor violations in Indian country," part of which was passed in 1907 – sets out an explicit mechanism by which seized alcohol and other goods may be "proceeded against by libel in the proper court" and then forfeited, "one-half to the informer and one-half to the use of the United States."  18 U.S.C. § 3113.  Section 3118, on the other hand, contains no references to a court proceeding for violations of it.

9

from the more obviously punitive sanctions of most criminal statutes, which deprive individuals of property, liberty, or both. *Compare* 18 U.S.C. § 3118(b) *with* 18 U.S.C. § 81 (providing that certain arsonists "shall be imprisoned for not more than 25 years," fined, or both imprisoned and fined).

In short, the loss of driving privileges appears to be an administrative sanction rather than a subject for prosecution. It is automatically triggered by a qualifying individual's refusal to take a breath or other physiological sobriety test. Rather than being imposed after a judicial hearing, the suspension of driving privileges for one year "commenc[es] on the date of arrest upon which such test or tests was refused." 18 U.S.C. § 3118. *Cf. United States v. Rogers*, 926 F. Supp. 1000, 1001 (D. Colo. 1996) ("Defendant was asked to take a chemical test pursuant to 18 U.S.C. § 3118. Defendant refused to take any test, and his right to drive at Fort Carson subsequently was revoked."). And the sanction that follows refusal is administrative, not punitive in the classic sense. There is no range of punishment specified, as there is for most crimes.

Additionally, a close reading of § 3118(b) shows that the section is ancillary to the underlying crime of driving under the influence. What could be called the evidentiary penalty of refusing to consent to a sobriety test is that such a refusal can be admissible into evidence in a separate trial for driving under

the influence.  Thus, the focus of the section is on providing evidence, not on defining a separate crime that can be separately charged.

Finally, a search for case law on § 3118 does not show widespread use of the statute as the basis for a criminal charge.  In fact, the only cases located by the Court that have treated violations of § 3118 as criminal appear within the Eastern District of Virginia and, correspondingly, the Fourth Circuit, which heard several appeals from defendants who were charged with violating § 3118 among other offenses; the question whether § 3118 defined a crime, however, never came directly before the Fourth Circuit.  *See United States v. Crawford*, 1998 WL 879036 (4th Cir. July 31, 1998) (per curiam); *United States v. Imngren*, 914 F. Supp. 1326 (E.D. Va. 1995), *rev'd*, 98 F.3d 811 (4th Cir. 1996); *see also United States v. Van Hazel*, 468 F. Supp. 2d 792, 798 (E.D.N.C. 2006) (discussing a violation of § 3118, which was not charged as a separate crime); *United States v. Iglesia*, 1999 WL 1095483 (E.D.N.Y. Nov. 30, 1999) (same).

Accordingly, the Court will dismiss Count I of the Criminal Information without prejudice and vacate the judgment of conviction.  As the issue is not before it, the Court takes no position on any double jeopardy issues that may arise if the Government re-charges Defendant under 18 U.S.C. § 13, which assimilates certain state criminal laws.  It also takes no

position on whether Virginia's consent-to-test law can be charged under § 13.  *Cf. United States v. Rowe*, 599 F.2d 1319 (4th Cir. 1979).

    B. Motion to Suppress

Alternatively, Defendant argues that any "refusal" to consent to a Breathalyzer test should be suppressed because he was seized and arrested without a warrant and without probable cause.  Any statements made as a result of that seizure, Defendant argues, should be suppressed as the fruit of a poisonous tree.  Because the Court will dismiss Count I of the criminal information, it will dismiss as moot Defendant's appeal of the Magistrate's denial of his suppression motion.

### IV. Conclusion

For the foregoing reasons, the Court will grant the appeal and dismiss Count I of the criminal information, vacate the judgment of conviction as to Count I, and dismiss the appeal of the suppression ruling as moot.

An appropriate Order will issue.

June 2, 2009  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

12